JOHN L. BROWN, petitioner for certiorari, *vs.* COUNTY COM- MISSIONERS of Sagadahoc.

Sagadahoc. Decided December 9, 1878.

*Certiorari. County commissioners.*

A petition to the county commissioners to revise the doings of a town, upon an alleged unreasonable refusal to discontinue a townway, should be presented by one having an interest in the subject matter and in some way connected with the doings before the town, either in procuring the action of the town or being present and voting with the minority.

Neither the petition nor the proceedings thereon showed that the petitioners were interested or in any way parties to the proceedings. *Held*, it was error to rule that the county commissioners had jurisdiction.

ON EXCEPTIONS.

PETITION of John L. Brown, of Bowdoinham, for certiorari, representing that a town way was duly laid out in Bowdoinham, and that Robert C. Brown and eleven others petitioned the county commissioners for its discontinuance, and that the county commissioners granted the prayer of the petition, etc. It did not appear by the petition of Robert C. Brown and others, by the record of the commissioners, or otherwise, that Robert or any of the eleven had any interest in the subject matter. For that, and other reasons which in the opinion appear, the petitioner for certiorari contended that the commissioners had no jurisdiction. The justice presiding refused to grant a writ, ruling as matter of law upon the face of the papers and proceedings that the commissioners had jurisdiction in the premises; and the petitioner for certiorari alleged exceptions to that ruling.

*W. Gilbert*, for the petitioner.

*H. Tallman & C. W. Larrabee*, for the commissioners.

DANFORTH, J.   A petition for a writ of certiorari to quash the proceedings of the county commissioners in discontinuing a town way in the town of Bowdoinham, which it was alleged the town had unreasonably refused to do.

The presiding justice refused to grant a writ, " holding as matter of law upon the face of the papers and proceedings that the county commissioners had jurisdiction in the premises." To this ruling exceptions were filed. Thus the only question presented is whether the papers and proceedings reported show upon their face jurisdiction in the county commissioners over the matter upon which they acted.

Their authority in such cases is found in R. S., c. 18, § 24, and is as follows : " When a town unreasonably refuses to discontinue a town or private way, . . the parties thereby aggrieved may . . present a petition to the commissioners," etc. As a prerequisite to their action there must not only be an unreasonable refusal on the part of the town, but " parties aggrieved" must present a petition. No other persons have the legal right to do so; no others have any claims for a hearing. There must then be a party to move, and that party must be aggrieved. To be a party entitled to a hearing, there must be an interest in the subject matter and some connection with the prior proceedings. This process is in the nature of an appeal from the doings of the town. There must be a previous action of the town, and it is a party to that action only who has the legal right to present the petition. It is difficult to perceive how any one not an inhabitant of, or the owner of taxable property in the town, can have any legal interest in their town roads. An inhabitant or owner of cultivated land therein must petition for a town or private way; and why should any other person be a legal party to a discontinuance of such ?

As it is not necessary to present to the town a written petition for the discontinuance of a way, it is perhaps a sufficient connection with the prior proceedings that the petitioner was instrumental in bringing the matter before the town for its action, or that he was present and voted with the minority. Less than this cannot be a compliance with the language of the statute, nor can less put any

person in a position to be aggrieved in the legal sense. Unless he is to this extent a party, there can be no decision against him; and without such a decision he cannot in a legal sense be aggrieved. It is not the policy of the law in this class of cases to allow a person to take no part in a hearing before one tribunal, and after a hearing, appeal to another on the ground that he "considers himself aggrieved."

In this case it is not alleged in the petition to the commissioners, nor does it appear in their proceedings, that the petitioners were inhabitants of the town, or owners of taxable property therein, or that they had any interest whatever in the subject matter, or were in any way connected with the prior proceedings.

It is, however, suggested in the argument that "it may fairly be presumed that, if there are any informalities on the face of the papers, the proceedings remedied such defects." It may be that the "proceedings" did remedy the defects we have alluded to, but we cannot, as the case is presented, make any such presumption. The case is here on exceptions, and we are confined to the single question presented and the facts as they appear in the report.

The defects we have found are matters of fact; and, upon a further hearing, if they do not exist, it may be shown by an amendment of the record, or answer of the respondents duly filed, or in any other legal method. *Hebron* v. *Co. Commis.*, 63 Maine, 314. *Levant* v. *Co. Comm'rs*, 67 Maine, 429.

It is also said that the petitioner is not in a condition to except, as he has not shown any interest in the subject matter. The same answer may be given to this suggestion. No such question is raised by the exceptions. We are not now discussing the question as to whether the writ asked for shall issue, but simply the question raised by the exceptions; and in that ruling, for the reasons given, we think there was error.

*Exceptions sustained.*

APPLETON, C. J., VIRGIN, PETERS and LIBBEY, JJ., concurred.